UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

IN RE: RHODE ISLAND ASBESTOS
LITIGATION

MARILYN L. BIAGETTI and ROGER
BIAGETTI,

                    Plaintiffs,
v.                                                  Civil Action No. ___1:19-cv-661___

CERTAINTEED LLC and
DBMP LLC,

                    Defendants.

### NOTICE OF REMOVAL

Defendant CertainTeed LLC hereby removes to this Court the above-captioned action,

which was filed and was pending in the Superior Court for Providence County, Rhode Island, as

Case No. PC-2019-10890.  Removal is based on 28 U.S.C. § 1332 (diversity jurisdiction), and is

authorized by 28 U.S.C. §§ 1441 and 1446.

As grounds for removal, removing Defendant CertainTeed LLC states as follows:

### BACKGROUND

1.      On December 2, 2019, Defendant CertainTeed received, through service of

process, the Complaint that Plaintiff Marilyn L. Biagetti and Plaintiff Roger Biagetti filed with

the Clerk of the Superior Court for Providence County, Rhode Island (the "State Court Action").

The State Court Action was assigned Case No. PC-2019-10890.  The Complaint, along with all

process, pleadings, and orders, received by removing Defendant CertainTeed LLC in the pending

State Court Action is hereto attached as **Exhibit 1**.

2.      The Complaint alleges that, as a result of exposure to asbestos-containing

products for which Defendants are purportedly responsible, Marilyn L. Biagetti contracted

"asbestos-related mesothelioma and other asbestos-related pathologies." Complaint ¶¶ 2, 4. The Complaint expressly seeks damages "including but not limited to … $1,000,000 in compensatory damages," "$1,000,000 in punitive damages," and "[e]xemplary damages, including attorneys' fees." Complaint at p. 22.

## STATUTORY REQUIREMENTS – DIVERSITY REMOVAL

3.　　Removal of this case is proper pursuant to 28 U.S.C. § 1441(a), which entitles a defendant to remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." This Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). The requirements for diversity jurisdiction are met in this case, as the parties are completely diverse in citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000. *See* 28 U.S.C. § 1332.

4.　　<u>Citizenship of Parties</u>. The citizenship of the parties is completely diverse.

5.　　Roger Biagetti is (and was when the State Court Action was filed) a citizen of the state of Rhode Island.

6.　　Marilyn L. Biagetti was deceased at the time the Complaint was filed. *See* Obituary of Marilyn Lois (Gavasso) Biagetti (attached hereto as **Exhibit 2**). Prior to her passing, Marilyn L. Biagetti was a citizen of the state of Rhode Island.

7.　　Neither Defendant is a citizen of Rhode Island. Both CertainTeed LLC and DBMP LLP (the only two defendants) are limited liability companies (LLCs). The First Circuit has held that "[l]imited liability companies are unincorporated entities. The citizenship of an unincorporated entity… is determined by the citizenship of all of its members. *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006); accord *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125 (1st Cir.

2

2011) (the "citizenship of a limited liability company is determined by the citizenship of all of its members.").

8.      The sole member of both Defendant CertainTeed LLC and Defendant DBMP LLC is CertainTeed Holding Corporation.  Thus, the citizenship of both CertainTeed LLC and DBMP LLC is based on the citizenship of CertainTeed Holding Corporation.  "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  CertainTeed Holding Corporation is (and was at the time the State Court Action was filed) incorporated in Delaware with its principal place of business in Pennsylvania.  Both Defendants thus are citizens of Delaware and Pennsylvania for diversity purposes.  28 U.S.C. § 1332(c)(1).

9.      Accordingly, there is complete diversity of citizenship.[1]

10.     Amount in Controversy.  The amount in controversy, exclusive of interest and costs, exceeds $75,000.  See 28 U.S.C. § 1332(a).  This is clear for multiple reasons.

11.     First, the Complaint alleges that Mrs. Biagetti contracted mesothelioma, a malignant condition.  Complaint ¶ 4.  The Complaint also expressly seeks "$1,000,000 in compensatory damages."  Complaint p. 22.  Based on the alleged injury and compensatory damages claim, the amount in controversy is in excess of $75,000.

12.     Second, the Complaint also expressly seeks "$1,000,000 in punitive damages."  Complaint p. 22.  Punitive damages are counted to determine the amount in controversy under 28 U.S.C. § 1332.  See, e.g., Freitas v. First N.H. Mortg. Corp., 1998 U.S. Dist. LEXIS 15698, 18

---

[1] A notice of removal only needs to allege, rather than prove, the facts supporting federal court jurisdiction.  See *Dart Chrokee Basin Operating Co. v. Owens*, 135 S. Ct. 547 (2014).  If plaintiffs were to dispute these allegations, Defendant will provide evidence establishing them.

3

(D.R.I. July 23, 1998) (assessing value of plaintiff's punitive damages claim to calculate amount in controversy); *Thomas v. Adecco USA*, Inc., 2013 U.S. Dist. LEXIS 165421, 14 (D. Me. Nov. 21, 2013); *Lomco, Inc. v. Rocky Mt. Reclamation*, 1997 U.S. Dist. LEXIS 4508, 11 (D. Me. Apr. 8, 1997).

13.     Third, the Complaint also requests an award of "exemplary damages, including attorneys' fees," Complaint at p. 22. Attorneys' fees can be used to determine the amount in controversy under 28 U.S.C. § 1332. *See Dep't of Recreation & Sports of Puerto Rico v. World Boxing Ass'n*, 942 F.2d 84, 89 (1st Cir. 1991); *Billings & Co., Inc. v. Pine Street Realty Assoc. Ltd. Partnership*, 754 F. Supp. 10, 14, (D.R.I. 1990); *Raymond v. Lane Constr. Corp.*, 527 F. Supp. 2d 156, 163 (D. Me. 2007); *Chapman v. Anthem Health Plans of New Hampshire*, 2005 WL 827088 (D.N.H. Apr. 8, 2005); *Waldron v. George Weston Bakeries Distribution, Inc.*, 477 F. Supp. 2d 295, 297 (D. Me. 2007).

14.     Although removing Defendant CertainTeed LLC denies that Plaintiffs are entitled to recover any damages or other relief, the allegations of the Complaint establish that the amount in controversy exceeds $75,000, exclusive of interest and costs.

## PROCEDURAL REQUIREMENTS AND LOCAL RULES

15.     <u>Removal to Proper Court</u>. This Court is part of the "district and division" embracing the place where the State Court Action was filed—Providence County, Rhode Island. *See* 28 U.S.C. § 1446(a); 12 U.S.C. § 1452(f)(3).

16.     <u>Removal is Timely</u>. Defendants are entitled to remove the State Court Action at any time up to 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief on which the action is based, or within 30 days after service of the summons. 28 U.S.C. § 1446(b). The Complaint in the State Court Action was

ACTIVE/101763724.8

served on CertainTeed LLC on December 2, 2019. *See* **Exhibit 1**. Therefore, this Notice of Removal is timely because it is being filed with the United States District Court for the District of Rhode Island within 30 days after service on Defendant CertainTeed LLC.

17. <u>Consent</u>. 28 U.S.C. § 1446(b)(2)(A) proves that, in applicable cases, "all defendants who have been properly joined and served must join in or consent to the removal of the action." Besides removing defendant CertainTeed LLC, the only other defendant named in the Complaint is DBMP LLC. As set forth in **Exhibit 3** hereto, DBMP LLC (a) to its knowledge has not been served in this case (in which case its consent is not required under the statute) but (b) if it has been served, consents to removal of this case to this Court.

18. <u>Pleadings and Process</u>. Attached hereto as **Exhibit 1** is a copy of all process, pleadings, and orders received by removing Defendant CertainTeed LLC in the State Court Action. *See* 28 U.S.C. § 1446(a). Pursuant to DRI LR 81(b), removing Defendant CertainTeed LLC will file certified or attested copies of all records, proceedings, and docket entries in the state court within 14 days of the filing of this Notice. Removing Defendant CertainTeed LLC has paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice.

19. <u>Notice</u>. Attached hereto as **Exhibit 4** is a copy of a the Notice of Removal to All Adverse Parties, which also serves as notice of filing of notice of removal, and will be promptly served upon Plaintiff's counsel and filed with the Clerk of the Superior Court for Providence County, Rhode Island. *See* 28 U.S.C. §§ 1446(a),(d). Removing Defendant CertainTeed LLC will also promptly serve upon Plaintiffs' counsel and file with the Clerk of the Superior Court for Providence County, Rhode Island a copy of this Notice of Removal to All Adverse Parties. *See* DRI LR 81(a).

5

20.     <u>Signature</u>.  This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See*
28 U.S.C. § 1446(a).

21.     Based upon the foregoing, this Court has jurisdiction over this matter pursuant to
28 U.S.C. § 1332, and this case may be removed to this Court under 28 U.S.C. §§ 1441 and
1446.

22.     In the event that Plaintiffs seek to remand this case, or the Court considers remand
*sua sponte*, Removing Defendant CertainTeed LLC respectfully reserves the right to submit such
additional argument or evidence in support of removal.

WHEREFORE, Defendant CertainTeed LLC has removed this action to this Court.

Respectfully submitted,

CERTAINTEED LLC,

By its attorney,

Dated: December 23, 2019

/s/ *John B. Daukas*

John B. Daukas, Esq. (#5437)
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Tel: (617) 570-1000
Fax: (617) 523-1231
JDaukas@goodwinlaw.com

## CERTIFICATE OF SERVICE

I, John B. Daukas, hereby certify that on December 23, 2019, a true copy of the foregoing document was filed electronically and is available for viewing and downloading from the Court's CM/ECF system.  I further certify that all parties will receive notice of the motion through the CM/ECF system, and shall receive a copy of the motion by email.


Dated: December 23, 2019                              /s/   *John B. Daukas*