```
FILED & JUDGMENT ENTERED
       Steven T. Salata


    February  26  2020


    Clerk, U.S. Bankruptcy Court
  Western District of North Carolina
```



J. Craig Whitley
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DBMP LLC[1] | : | Case No. 20-30080 (JCW) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |
| DBMP LLC, | : |  |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | Adv. Pro. No. 20-03004 (JCW) |
|  | : |  |
| THOSE PARTIES LISTED ON APPENDIX A TO COMPLAINT and JOHN AND JANE DOES 1-1000, | : | |
|  | : |  |
| Defendants. | : |  |

---

[1]     The last four digits of the Debtor's taxpayer identification number are 8817.  The Debtor's address is 20 Moores Road, Malvern, Pennsylvania 19335.

NAI-1511494834

**AGREED ORDER REGARDING DEBTOR'S REQUEST FOR
EXTENSION OR APPLICATION OF THE AUTOMATIC STAY
TO CERTAIN ACTIONS AGAINST NON-DEBTORS**

This matter comes before the Court on the *Complaint for Injunctive and Declaratory Relief (I) Preliminarily Enjoining Certain Actions Against Non-Debtors, or (II) In the Alternative, Declaring That the Automatic Stay Applies to Such Actions and (III) Granting a Temporary Restraining Order Pending a Final Hearing on the Merits* [Adv. Docket No. 1] (the "Complaint") and the *Motion for an Order (I) Preliminarily Enjoining Certain Actions Against Non-Debtors or, (II) In the Alternative, Declaring That the Automatic Stay Applies to Such Actions and (III) Granting a Temporary Restraining Order Pending a Final Hearing on the Merits* [Adv. Docket No. 2] (the "Motion"),[2] both filed by the above-captioned debtor and debtor-in-possession (the "Debtor").  Having been advised by counsel for the Debtor and counsel for the official committee of asbestos personal injury claimants (the "Committee") that the parties have reached an agreement with respect to temporarily granting relief sought by the Debtor on the terms set forth herein while preparing for an evidentiary hearing on the Debtor's request for injunctive and/or declaratory relief in the Motion and the Complaint, the Court finds and concludes as follows:

       A.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

       B.     On January 29, 2020, the Court entered a temporary restraining order [Adv. Docket No. 21] (the "Initial TRO") prohibiting and enjoining the Defendants from continuing or commencing against any of the Protected Parties any action or claim asserting, on any theory (whether direct, derivative, joint and several, successor liability, vicarious liability,

---

[2]       Capitalized terms in this Order not otherwise defined herein have the meanings given to them in the Motion.

2

fraudulent or voidable transfer or conveyance, alter ego or otherwise), any DBMP Asbestos

Claims through and including the conclusion of a hearing on February 13, 2020.  At the February

13, 2020 hearing, the Court orally granted an extension of the Initial TRO and thereafter issued

its *Order Extending Temporary Restraining Order* [Adv. Docket No. 44] (the "TRO") on

February 18, 2020, which extended the temporary restraining order though February 26, 2020.

A copy of the TRO is attached hereto as Exhibit A and incorporated by reference herein.

      C.     The Debtor and the Committee (together, the "Parties") have agreed to the

entry of a preliminary injunction prohibiting and enjoining the Defendants from continuing or

commencing against any of the Protected Parties any action or claim asserting, on any theory

(whether direct, derivative, joint and several, successor liability, vicarious liability, fraudulent or

voidable transfer or conveyance, alter ego or otherwise), any DBMP Asbestos Claims through

the conclusion of the Evidentiary Hearing (defined below).

      D.     The Committee's agreement to the Court extending injunctive relief to

the Protected Parties as set forth herein is not a waiver of the Committee's, or any other party's,

objections to such injunctive relief, nor is the Court's entry of this Order a determination of, or

relevant to, whether this injunctive relief should continue past the date set forth herein or any

further extended date.  No party may construe the Committee's consent to the entry of this Order

as an agreement that injunctive relief in favor of the Protected Parties is appropriate or that

the Debtor has established its burden with respect to the requested injunctive relief, or make any

arguments to that effect.  All objections to the relief requested in the Complaint and the Motion

are hereby specifically preserved until the Evidentiary Hearing.

      Based on the agreement of the Parties, as reflected by the signatures of their respective

counsel set forth below, IT IS HEREBY ORDERED THAT:

NAI-1511494834

1.      Subject to the terms of paragraph D above, all findings of fact and
conclusions of law in (or incorporated into) the TRO are incorporated by reference herein.

2.      The Defendants are prohibited and enjoined from commencing or
continuing to prosecute any DBMP Asbestos Claims against any of the Protected Parties on any
theory, whether direct, derivative, joint and several, successor or vicarious liability, fraudulent or
voidable transfer or conveyance, alter ego or otherwise, through and including the conclusion of
the Evidentiary Hearing and the Court's issuance of a decision on the requested relief.  As to
such DBMP Asbestos Claims filed or pending in other courts, this injunction includes, without
limitation:  (a) the pursuit of discovery from the Protected Parties or their officers, directors,
employees or agents; (b) the enforcement of any discovery order against the Protected Parties;
(c) further motions practice related to the foregoing; and (d) any collection activity on account of
a DBMP Asbestos Claim against any Protected Party or its officers, directors, employees or
agents or its respective assets.

3.      The Court will hold an evidentiary hearing on the Debtor's request for
injunctive and declaratory relief, as set forth in the Motion and the Complaint, on June 1, 2020 at
9:30 a.m., Eastern Time, and continuing (if necessary) on June 2, 2020 at 9:30 a.m., Eastern
Time (the "Evidentiary Hearing").  The Debtor and the Committee will work in good faith to
negotiate an agreed case management order to be submitted to the Court, which, among other
things, shall set deadlines for objections and replies.

4.      This Order is entered without prejudice to the Debtor's right to request that
this Court extend this Order to include other entities or persons not previously identified in
Appendix A or Appendix B to the Complaint and the Motion.  This Order also is without prejudice
to the rights of the Parties to agree to a further extension of the injunction.

NAI-1511494834

5.      Any party subject to this Order may seek relief from any of the provisions of this Order for cause shown.  This Order is without prejudice to the Debtor's or others' rights to seek relief pursuant to 11 U.S.C. § 362, after notice and the opportunity for a hearing, and for any Defendant or party in interest to oppose such relief.

6.      Notwithstanding anything to the contrary in this Order, any party may, without leave of the Court, take reasonable steps to perpetuate the testimony of any person subject to this Order who is not expected to survive the duration of this Order or who is otherwise expected to be unable to provide testimony if it is not perpetuated during the duration of this Order.  Unless the giving of notice is excused under applicable non-bankruptcy law, notice of the perpetuation of such testimony shall be provided to either counsel of record in the underlying lawsuit or the undersigned counsel for the Debtor. The Debtor shall have the right to object to the notice on any grounds it would have had if it were a party to the underlying proceeding and not subject to the terms of this preliminary injunction, and the Debtor may raise any such objection with this Court. The use of such testimony in any appropriate jurisdiction shall be subject to the applicable procedural and evidentiary rules of such jurisdiction. All parties reserve and do not waive any and all objections with respect to such testimony. Defendants or other individuals asserting DBMP Asbestos Claims may not seek to perpetuate the testimony of representatives, including directors, officers and employees, of the Debtor without the consent of the Debtor or an order of the Court.

7.      Pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, the Debtor is relieved from posting any security pursuant to Rule 65(c) of the Federal Rules of Civil Procedure.

8.      This Order shall be immediately effective and enforceable upon its entry.

5

9.      The Debtor shall cause a copy of this Order to be served via e-mail, facsimile, hand delivery or overnight carrier on counsel for the known Defendants and the Bankruptcy Administrator within three business days after entry of this Order.

10.      This Order shall be promptly filed in the Clerk of Court's office and entered into the record.

11.      The Court retains exclusive jurisdiction over this Order and the relief granted herein and any and all matters arising from or relating to the implementation, enforcement or interpretation of this Order.

AGREED AND CONSENTED TO BY:

NAI-1511494834

/s/ Garland S. Cassada
Garland S. Cassada (N.C. Bar No. 12352)
David M. Schilli (N.C. Bar No. 17989)
ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-2536
Facsimile: (704) 378-4000
E-mail: gcassada@robinsonbradshaw.com
　　　dschilli@robinsonbradshaw.com

-and-

Gregory M. Gordon (TX Bar No. 08435300)
Amanda Rush (TX Bar No. 24079422)
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
E-mail: gmgordon@jonesday.com
　　　asrush@jonesday.com
(Admitted *pro hac vice*)

-and-

Jeffrey B. Ellman (GA Bar No. 141828)
Danielle Barav-Johnson (GA Bar No. 751721)
JONES DAY
1420 Peachtree Street, N.E., Suite 800
Atlanta, Georgia 30309
Telephone: (404) 521-3939
Facsimile: (404) 581-8330
E-mail: jbellman@jonesday.com
　　　dbarav@jonesday.com
(Admitted *pro hac vice*)

*Counsel for the Plaintiff/Debtor and Debtor-In-Possession*

/s/ Glenn C. Thompson
Glenn C. Thompson (Bar No. 37221)
HAMILTON STEPHENS STEELE
　　　+ MARTIN, PLLC
525 North Tryon Street, Suite 1400
Charlotte, North Carolina 28202
Telephone:  (704) 344-1117
Facsimile:  (704) 344-1483
Email:  gthompson@lawhssm.com

*Proposed Local Counsel for the Official Committee of Asbestos Personal Injury Claimants*

-and-

Kevin C. Maclay, Esq.
James P. Wehner, Esq.
Todd E. Phillips, Esq.
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, NW, Suite 1100
Washington, DC 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301
Email: kmaclay@capdale.com
　　　jwehner@capdale.com
　　　tphillips@capdale.com
(*Pro hac vice* to be filed)

-and-

Natalie D. Ramsey (DE Bar #3946)
Davis Lee Wright (DE Bar #4324)
ROBINSON & COLE, LLP
1201 North Market Street, Suite 1406
Wilmington, Delaware 19801
Telephone: (302) 516-1700
Facsimile: (302) 516-1699
E-mail: nramsey@rc.com
　　　dwright@rc.com
(Admitted *pro hac vice*)

*Proposed Co-Counsel to the Official Committee of Asbestos Personal Injury Claimants*

This Order has been signed electronically.  The Judge's signature and Court's seal appear at the top of the Order.

United States Bankruptcy Court

NAI-1511494834

# **EXHIBIT A**

## **(TRO)**

NAI-1511494834





FILED & JUDGMENT ENTERED
Steven T. Salata

February 18 2020

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DBMP LLC,[1] | : | Case No. 20-30080 (JCW) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |
| DBMP LLC, | : |  |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | Adv. Pro. No. 20-03004 (JCW) |
|  | : |  |
| THOSE PARTIES LISTED ON APPENDIX | : |  |
| A TO COMPLAINT and JOHN AND JANE | : |  |
| DOES 1-1000, | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

## <u>ORDER EXTENDING TEMPORARY RESTRAINING ORDER</u>

This matter coming before the Court on the *Complaint for Injunctive and*

*Declaratory Relief (I) Preliminarily Enjoining Certain Actions Against Non-Debtors or, (II) in*

---

[1] The last four digits of the Debtor's taxpayer identification number are 8817. The Debtor's address is 20 Moores Road, Malvern, Pennsylvania 19355.

*the Alternative, Declaring That the Automatic Stay Applies to Such Actions and (III) Granting a Temporary Restraining Order Pending a Final Hearing on the Merits* [Adv. Proc. Docket No. 1] (the "Complaint") and *Motion of the Debtor for an Order (I) Preliminarily Enjoining Certain Actions Against Non-Debtors or, (II) in the Alternative, Declaring that the Automatic Stay Applies to Such Actions and (III) Granting a Temporary Restraining Order Pending a Final Hearing on the Merits* [Adv. Proc. Docket No. 2] (the "Motion"),² both filed by the above-captioned plaintiff and debtor and debtor in possession ("DBMP" or the "Debtor"); the Court having heard the arguments of counsel and considered the evidence presented at a hearing held on January 27, 2020 (the "Initial Hearing") to consider whether the requested temporary restraining order should be granted; the Court having entered the *Temporary Restraining Order* on January 29, 2020 [Adv. Proc. Docket No. 21] (the "Initial TRO"), a copy of which is attached hereto as Exhibit A, which granted a temporary restraining order as described therein through and including the conclusion of the Extension Hearing (as defined below); the Court having heard the arguments of counsel and considered the evidence presented at a hearing held on February 13, 2020 to consider an extension of the Initial TRO (the "Extension Hearing"); and the Court having reviewed (a) the Complaint, (b) the Motion, (c) the *Declaration of Michael T. Starczewski in Support of Debtor's Complaint for Injunctive and Declaratory Relief and Related Motions* [Adv. Proc. Docket No. 3] (the "Starczewski Declaration"), (d) the *Declaration of Robert J. Panaro in Support of First Day Pleadings* [Docket No. 24] (the "First Day Declaration") filed in the Debtor's main chapter 11 case and (e) the *Reply of the Debtor in Support of Temporary Restraining Order* [Adv. Proc. Docket No. 33] (the "Reply") and the *Declaration of Michael T. Starczewski in Support of Reply of*

---

²      Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

*the Debtor in Support of Temporary Restraining Order* included therein (the "Reply

Declaration"), together with any responses or answers to the Motion or the Complaint; the Court

finds and concludes as follows:  the Court's findings and conclusions in the Initial TRO and on

the record of the Extension Hearing, which are incorporated herein by reference, establish just

cause for the relief granted herein.

### THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Initial TRO is extended through and including February 26, 2020;

2.      All objections to the extension of the Initial TRO are hereby overruled,

whether filed or stated on the record, including (a) the *Objection of Cheryl L. Bergrud,*

*Individually and as Personal Representative for the Estate of Peter L. Bergrud to the Entry of a*

*Temporary Restraining Order as it Relates to its Case Against Distributor H.D. Fowler Co., Inc.,*

*or Alternatively, for Relief from the Temporary Restraining Order to Pursue H.D. Fowler Co.,*

*Inc.* [Adv. Proc. Docket No. 29] (the "Bergrud Objection"), (b) the *Objection of Calvin H.*

*Evans, III to the Entry of a Temporary Restraining Order as it Relates to His Case Against*

*Distributor H.D. Fowler Co., Inc., or Alternatively, for Relief from the Temporary Restraining*

*Order to Pursue H.D. Fowler Co., Inc.* [Adv. Proc. Docket No. 30] (together with the Bergrud

Objection, the "Fowler Objections") and (c) the *Objection of Certain Asbestos Victims to Motion*

*of the Debtor for the Entry of a Temporary Restraining Order and Extension of the Existing*

*Temporary Restraining Order Beyond the February 13, 2020 Hearing* [Adv. Proc.

Docket No. 31].

3.      The Court shall conduct a further hearing on the Motion and

the Complaint on February 21, 2020, at 3:00 p.m. (prevailing Eastern Time) to consider entry of

the requested preliminary injunction.

4.     This Order is entered without prejudice to the Debtor's right to request that this Court extend this Order to include other entities or persons not previously identified in Appendix A or Appendix B to the Complaint and the Motion.

5.     Any party subject to this Order may seek relief from any of the provisions of this Order for cause shown.  This Order is without prejudice to the Debtor's or others' rights to seek relief pursuant to section 362 of the Bankruptcy Code and for any Defendant or party in interest to oppose such relief.

6.     The findings in (or incorporated into) this Order are without prejudice to any party or Defendant's right to dispute such findings in connection with any hearings with respect to the entry of a preliminary injunction.

7.     Pursuant to Bankruptcy Rule 7065, the Debtor is relieved from posting any security under Civil Rule 65(c).

8.     For the avoidance of doubt in connection with the lawsuits identified in the Fowler Objections, this Order does not enjoin any claims asserted by the plaintiffs in those actions that arise out of alleged contact with or injury from products manufactured or sold by parties *other than* the former CertainTeed Corporation.

9.     This Order shall be immediately effective and enforceable upon its entry.

10.     The Debtor shall cause a copy of this Order to be served via e-mail, facsimile, hand delivery or overnight carrier on counsel for the known Defendants and the Bankruptcy Administrator within three business days of its entry on the Court's docket.

11.     This Order shall be promptly filed in the Clerk of Court's office and entered into the record.

12.     This Court retains exclusive jurisdiction over this Order and any and all

matters arising from or relating to the implementation, interpretation or enforcement of this

Order.

| | |
|---|---|
| This Order has been signed electronically. The judge's signature and Court's seal appear at the top of the Order. | United States Bankruptcy Court |

**Exhibit A**

Initial TRO

NAI-1511417195

FILED & JUDGMENT ENTERED
Steven T. Salata

January 29 2020

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DBMP LLC,[1] | : | Case No. 20-30080 (JCW) |
| | : | |
| Debtor. | : | |
| | : | |
| DBMP LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adv. Pro. No. 20-03004 (JCW) |
| | : | |
| THOSE PARTIES LISTED ON APPENDIX A TO COMPLAINT and JOHN AND JANE DOES 1-1000, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## **TEMPORARY RESTRAINING ORDER**

This matter coming before the Court on the *Complaint for Injunctive and*

*Declaratory Relief (I) Preliminarily Enjoining Certain Actions Against Non-Debtors or, (II) in*

---

[1] The last four digits of the Debtor's taxpayer identification number are 8817. The Debtor's address is 20 Moores Road, Malvern, Pennsylvania 19355.

*the Alternative, Declaring That the Automatic Stay Applies to Such Actions and (III) Granting a*

*Temporary Restraining Order Pending a Final Hearing on the Merits* [Adv. Proc. Docket No. 1]

(the "Complaint") and *Motion of the Debtor for an Order (I) Preliminarily Enjoining Certain*

*Actions Against Non-Debtors or, (II) in the Alternative, Declaring that the Automatic Stay*

*Applies to Such Actions and (III) Granting a Temporary Restraining Order Pending a Final*

*Hearing on the Merits* [Adv. Proc. Docket No. 2] (the "Motion"),[2] both filed by the

above-captioned plaintiff and debtor and debtor in possession ("DBMP" or the "Debtor");

the Court having reviewed (a) the Complaint, (b) the Motion, (c) the *Declaration of Michael T.*

*Starczewski in Support of Debtor's Complaint for Injunctive and Declaratory Relief and Related*

*Motions* [Adv. Proc. Docket No. 3] (the "Starczewski Declaration") and (d) the *Declaration of*

*Robert J. Panaro in Support of First Day Pleadings* [Docket No. 24] (the "First Day

Declaration") filed in the Debtor's main chapter 11 case, together with any responses or answers

to the Motion or the Complaint; and having heard the arguments of counsel and considered the

evidence presented at a hearing on January 27, 2020 (the "Hearing"), the Court finds and

concludes as follows:

## Background, Jurisdiction and Venue

A.      For purposes of this Order, the term "DBMP Asbestos Claims" shall

mean, collectively, any asbestos-related claims against DBMP, including all claims that formerly

were asserted against (or that could have been asserted against) the former CertainTeed

Corporation ("Old CT") relating in any way to asbestos or asbestos-containing materials (but not

including asbestos-related claims for which the exclusive remedy is provided under workers'

compensation statutes and similar laws).  For the avoidance of doubt, DBMP Asbestos Claims

---

[2]      Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

include, without limitation, all asbestos personal injury claims and other asbestos-related claims allocated to DBMP from Old CT in the documents implementing the 2019 Corporate Restructuring — e.g., all asbestos personal injury claims and other asbestos-related claims arising in whole or in any part from, or otherwise in any manner relating to, any conduct, action or failure to act of Old CT.

B.      The Plaintiff in this adversary proceeding is Debtor DBMP LLC. The Defendants in this adversary proceeding are those parties listed on Appendix A to the Complaint and the Motion, as well as John and Jane Does 1-1000.  The Defendants listed on Appendix A are all plaintiffs in lawsuits as of the Petition Date that sought to hold, or may seek to hold, the Protected Parties liable for the DBMP Asbestos Claims.  The Protected Parties are listed in Appendix B hereto.  Defendants John and Jane Does 1-1000 are prospective plaintiffs who may at any time while the above-captioned chapter 11 case is pending seek to hold the Protected Parties liable for the DBMP Asbestos Claims.

C.      The Debtor seeks, pursuant to Rule 65(b) of the Federal Rules of Civil Procedure (the "Civil Rules") and Rule 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), a temporary restraining order prohibiting the Defendants from continuing or commencing against any of the Protected Parties any action or claim asserting, on any theory of liability (whether direct, derivative, joint and several, successor liability, vicarious liability, fraudulent or voidable transfer or conveyance, alter ego, or otherwise), any DBMP Asbestos Claims.

D.      The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue for this matter is proper in this District pursuant to 28 U.S.C. § 1409.

## Request for Temporary Restraining Order

   E.  A denial of the Debtor's request for a temporary restraining order pending

a final hearing on the Debtor's request for injunctive and/or declaratory relief would cause

the very harm that the Debtor seeks to prevent by the Motion and the Complaint.  Without

immediate injunctive relief, it is expected that:  (1) many Defendants who already have asserted

DBMP Asbestos Claims against the Protected Parties will attempt to continue prosecuting such

claims against the Protected Parties outside of the Debtor's chapter 11 case (the "<u>Chapter 11</u>

<u>Case</u>"); (2) many Defendants who have sued only the Debtor, and not any of the Protected

Parties, will seek to amend their complaints to name one or more of the Protected Parties and

prosecute DBMP Asbestos Claims against those Protected Parties outside of the Chapter 11

Case; (3) many Defendants who have pending motions to amend their complaints to add certain

of the Protected Parties will continue to pursue those amendments in an effort to proceed with

litigation against the Protected Parties outside of the Chapter 11 Case; and (4) Defendants John

and Jane Does 1-1000 will file DBMP Asbestos Claims against the Protected Parties but not

the Debtor.  Accordingly, the Debtor has demonstrated that it will suffer "immediate and

irreparable injury, loss, or damage" in the absence of immediate relief before any adverse party

can be heard in opposition.  Fed. R. Civ. P. 65(b).

   F.  Over the last three months, the Debtor's non-debtor affiliate,

CertainTeed LLC ("<u>New CT</u>") and/or other Protected Parties have been named in or added

(or sought to be added) as defendants in approximately 74 DBMP Asbestos Claims.  On a daily

basis, depositions are occurring, court appearances are scheduled and answers are coming due in

cases asserting DBMP Asbestos Claims.  If DBMP Asbestos Claims against the Protected Parties

are permitted to proceed pending a final hearing on the Debtor's request for injunctive or

declaratory relief, the Debtor will be compelled to actively monitor, participate in and defend currently pending and additional threatened DBMP Asbestos Claims against the Protected Parties, notwithstanding the automatic stay, to guard against, among other things, potential indemnity claims, evidentiary prejudice and the risks of collateral estoppel and *res judicata*. In doing so, key personnel will be diverted from assisting the Debtor in achieving its reorganization goals.

   G.  Regardless of its diligence, the Debtor cannot realistically provide effective notice to the many named plaintiffs that have commenced or may commence DBMP Asbestos Claims against the Protected Parties in the short period of time in which this Court's action is needed. Moreover, notice itself is likely to precipitate the assertion of additional DBMP Asbestos Claims against the Protected Parties. This temporary restraining order is requested, and, the Court finds is required, to prevent that result.

   H.  Further, service on John and Jane Does 1-1000 is impossible because these individuals are putative plaintiffs for future asbestos actions against the Protected Parties and are unknown at this time.

   I.  Accordingly, this Court finds it appropriate to enter a temporary restraining order with limited notice to the Defendants pursuant to Civil Rule 65(b)(l) and Bankruptcy Rule 7065.

   J.  To allow more parties in interest, including an appointed Asbestos Committee, to participate in the hearing on the requested relief and to conserve time and resources, this Court finds good cause for an extension and will enter a temporary restraining order as described herein and set a hearing on the Motion and the Complaint to determine if the temporary restraining order should be extended further, as permitted by Civil Rule 65, or if

other relief is appropriate, including the entry of a preliminary injunction for a limited period of

time.

          K.     The legal and factual bases set forth in the Motion, the Complaint,

the Starczewski Declaration, the First Day Declaration and at the Hearing establish just cause for

the relief granted herein.

**Based on these findings and conclusions, IT IS HEREBY ORDERED THAT:**

          1.     The Motion is GRANTED with respect to its request for a temporary

restraining order, as provided herein.

          2.     The Defendants are prohibited and enjoined from commencing or

continuing to prosecute any DBMP Asbestos Claims against any of the Protected Parties on any

theory of liability, whether direct, derivative, joint and several, successor liability, vicarious

liability, fraudulent or voidable transfer or conveyance, alter ego or otherwise, through and

including the conclusion of the February 13 Hearing (as defined below), unless extended further

by the Court.  This temporary restraining order includes, without limitation:  (a) the pursuit of

discovery from the Protected Parties or their officers, directors, employees or agents;

(b) the enforcement of any discovery order against the Protected Parties; (c) further motions

practice related to the foregoing; and (d) any collection activity on account of a DBMP Asbestos

Claim against any Protected Party or its officers, directors, employees or agents or its respective

assets.

          3.     Absent a further agreed upon extension, the Court shall conduct a further

hearing on the Motion and the Complaint on February 13, 2020, at 9:30 a.m. (prevailing Eastern

Time) (the "February 13 Hearing"), to determine if the temporary restraining order should be

extended further, as permitted by Civil Rule 65, or if other relief is appropriate, including the entry of a preliminary injunction for a limited period of time.

       4.     This Order is entered without prejudice to the Debtor's right to request that this Court extend this Order to include other entities or persons not previously identified in Appendix A or Appendix B to the Complaint and the Motion.

       5.     Any party subject to this Order may seek relief from any of the provisions of this Order for cause shown.  This Order is without prejudice to the Debtor's or others' rights to seek relief pursuant to section 362 of the Bankruptcy Code and for any Defendant or party in interest to oppose such relief.

       6.     The findings in this Order are without prejudice to any party or Defendant's right to dispute such findings in connection with any further hearing on the temporary restraining order or a hearing with respect to the entry of a preliminary injunction.

       7.     Pursuant to Bankruptcy Rule 7065, the Debtor is relieved from posting any security under Civil Rule 65(c).

       8.     This Order shall be immediately effective and enforceable upon its entry.

       9.     The Debtor shall cause a copy of this Order to be served via e-mail, facsimile, hand delivery or overnight carrier on counsel for the known Defendants and the Bankruptcy Administrator within three business days of its entry on the Court's docket.

       10.     This Order shall be promptly filed in the Clerk of Court's office and entered into the record.  This Order shall remain effective for the period through and including the conclusion of the February 13 Hearing.

11.    This Court retains exclusive jurisdiction over this Order and any and all

matters arising from or relating to the implementation, interpretation or enforcement of this

Order.

This Order has been signed electronically.          United States Bankruptcy Court
The judge's signature and Court's seal appear
at the top of the Order.

## Appendix A

List of Defendants and Their Counsel

<u>See</u> *Complaint for Injunctive and Declaratory Relief (I) Preliminarily Enjoining Certain Actions
Against Non-Debtors or, (II) in the Alternative, Declaring That the Automatic Stay Applies to
Such Actions and (III) Granting a Temporary Restraining Order Pending a Final Hearing on the
Merits*, Appendix A [Adv. Proc. Docket No. 1]

-or-

*Motion of the Debtor for an Order (I) Preliminarily Enjoining Certain Actions Against Non
Debtors or, (II) in the Alternative, Declaring that the Automatic Stay Applies to Such Actions
and (III) Granting a Temporary Restraining Order Pending a Final Hearing on the Merits*,
Appendix A [Adv. Proc. Docket No. 2]

## Appendix B

NAI-1511112083

**List of Protected Parties**

**Non-Debtor Affiliates**

Bayside Port Corporation, Inc.
Bird Incorporated
Carborundum Ceramic Holdings, Inc.
Carborundum Ventures, Inc.
CertainTeed Canada, Inc.
CertainTeed Ceilings Corporation
The Former CertainTeed Corporation (a/k/a CertainTeed LLC)
CertainTeed Gypsum and Ceiling Mfg., Inc.
CertainTeed Gypsum Mfg., Inc.
CertainTeed Gypsum NC, Inc.
CertainTeed Gypsum West Virginia, Inc.
CertainTeed Gypsum, Inc.
CertainTeed Holding Corporation
CertainTeed LLC
CertainTeed Gypsum and Ceilings USA, Inc.
Compagnie de Saint-Gobain
CT Solar Fund I LLC
CTKC Corporation
Fluorocarbon Components, Inc.
Grindwell Norton Ltd.
GS II, Inc.
HCS Corporation
Level Solar Fund IV LLC
MAG-ISOVER K.K.
New West Gypsum Recycling, Inc.
Norton Foreign Affiliates Holding Corporation
OFI GP Inc.
OFI L.P.
Ottawa Fibre GP Inc
Ottawa Fibre L.P.
P.T. Saint-Gobain Abrasives Indonesia
Phoenix Coating Resources, Inc.
Redcliff Fibre L.P.
Sage Electrochromics, Inc.
Saint-Gobain (SEA) PTE, Ltd
Saint-Gobain Abrasives, Inc.
Saint-Gobain Abrasives, Ltd.
Saint-Gobain Abrasivos S.A. de C.V.
Saint-Gobain Adfors America, Inc.
Saint-Gobain Advanced Ceramics, LLC
Saint-Gobain Building Distribution Ltd.
Saint-Gobain Canada, Inc.

Saint-Gobain Ceramic Materials Pvt. Ltd.
Saint-Gobain Ceramics & Plastics, Inc.
Saint-Gobain Corporation
Saint-Gobain Corporation Foundation
Saint-Gobain Delaware Corporation
Saint-Gobain Finance Corporation
Saint-Gobain Glass Corporation
Saint-Gobain HyComp LLC
Saint-Gobain India Foundation
Saint-Gobain India Pvt. Ltd.
Saint-Gobain Insurance Ltd.
Saint-Gobain Interior Building Distribution Company
Saint-Gobain KK
Saint-Gobain Materiaux de Construction S.A.S.
Saint-Gobain Merit, S.De R.L. De C.V.
Saint-Gobain Performance Plastics (Hangzhou) Co., Ltd.
Saint-Gobain Performance Plastics Corporation
Saint-Gobain Receivables Corporation
Saint-Gobain Research India Pvt. Ltd.
Saint-Gobain Shared Services Corporation
Saint-Gobain Solar Gard Australia Pty. Ltd.
Saint-Gobain Solar Gard, LLC
Saint-Gobain TM KK
Sepco Corporation
Societe de Participations Financieres et Industrielles
The Grid Company GP, Inc.
The Grid Company Limited Partnership
The Grid Company, LLC
Tillsonburg Fibre L.P.
Vertec SAS
Vetrotech Saint-Gobain North America, Inc.
VIB L.P.
Western Mining and Minerals, Inc.
Zenpure Americas, Inc.
Zenpure Corporation
Z-Tech, LLC

**Distributors**

A&P Water & Sewer Supplies and Its Successors United States Distribution Group, Inc.; United
    States Filter Corporation; WaterPro Supplies Corporation
Brent Material Company
Florence Building Materials
Goodman Lumber Company
H.D. Fowler Co. Inc.
Inland Water Works Supply Company

Kennedy Culvert & Supply Company, Inc.

Northern Water Works Supply, Inc., n/k/a Ferguson Enterprises, Inc., d/b/a Northern Water
        Works Supply

Western Waterworks Supply Co.