UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARILYN BIAGETTI & ROGER BIAGETTI,<br><br>PLAINTIFFS,<br><br>v.<br><br>CERTAINTEED LLC & DBMP LLC,<br><br>DEFENDANTS | CIVIL ACTION NO. 1:19-CV-00661 |

## NOTICE OF BANKRUPTCY FILING, STAY OF PROCEEDINGS, AND ENTRY OF PRELIMINARY INJUNCTION

**PLEASE TAKE NOTICE THAT**, on January 23, 2020 (the "Petition Date"),

DBMP LLC, a North Carolina limited liability company ("DBMP"), filed a voluntary petition for

relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United

States Bankruptcy Court for the Western District of North Carolina (the "Bankruptcy Court").  A

copy of the voluntary petition (excluding the attachments thereto) is attached hereto as Exhibit 1.

DBMP's case is captioned In re DBMP LLC, Case No. 20-30080 (JCW).

**PLEASE TAKE FURTHER NOTICE THAT**, upon the filing of DBMP's chapter

11 case, the automatic stay imposed by section 362 of the Bankruptcy Code (the "Automatic Stay")

became immediately effective and, as a result, all claims asserted against DBMP in the above-

captioned action (this "Proceeding") are stayed absent an order of the Bankruptcy Court lifting or

modifying the Automatic Stay.

**PLEASE TAKE FURTHER NOTICE THAT**:  (a) the Defendant or Defendants in

this Proceeding include one or more of the following entities — (i) CertainTeed Corporation, which

following a corporate restructuring that was completed on October 23, 2019, ceased to exist; (ii)

DBMP, which was created as part of the same corporate restructuring; and (iii) CertainTeed LLC,

which was created as part of the same corporate restructuring (hereinafter, each of these entities is referred to as a "DBMP Defendant"); and (b) as a result of the restructuring, DBMP is now solely responsible for the asbestos claims asserted against the DBMP Defendants in this Proceeding.

PLEASE TAKE FURTHER NOTICE THAT, on February 26, 2020, the Bankruptcy Court entered a preliminary injunction order prohibiting and enjoining the commencement or further prosecution of asbestos claims, on any theory, against the DBMP Defendants or their affiliates (the "PI Order").  A copy of the PI Order is attached hereto as Exhibit 2. Attached to the PI Order is a three-page list of additional parties protected by the PI Order (the "Protected Parties").  This PI Order was preceded by a Temporary Restraining Order ("TRO") that was first issued by the Bankruptcy Court on January 29, 2020, and then extended through February 26, 2020.  A copy of the original TRO and the Order Extending the TRO are attached as Exhibit A to the PI Order (Exhibit 2 hereto).

As a result of the Automatic Stay and the PI Order, no further action may be taken to commence or further prosecute the asbestos claims, on any theory, against any DBMP Defendant or any of the Protected Parties absent a further order of the Bankruptcy Court.  An evidentiary hearing on the DBMP's request for further injunctive and declaratory relief to extend the relief set forth in the PI Order currently is scheduled for June 1, 2020 at 9:30 a.m., Eastern Time, and continuing, if necessary, on June 2, 2020, at 9:30 a.m. Eastern Time, before the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE THAT information regarding the status of DBMP's chapter 11 case may be obtained by (a) reviewing the docket of the DBMP chapter 11 case at http://www.ncwb.uscourts.gov/ (PACER login and password required) or free of charge at https://dm.epiq11.com/dbmp; or (b) contacting any of the following counsel for DBMP:

Gregory M. Gordon
Amanda Rush
JONES DAY
2727 North Harwood Street, Suite 500
Dallas, Texas  75201
Telephone:  (214) 220-3939
Facsimile:  (214) 969-5100
E-mail:  gmgordon@jonesday.com
            asrush@jonesday.com

Jeffrey B. Ellman
Danielle Barav-Johnson
JONES DAY
1420 Peachtree Street, N.E., Suite 800
Atlanta, Georgia  30309
Telephone:  (404) 581-3939
Facsimile:  (404) 581-8330
E-mail:  jbellman@jonesday.com
            dbarav@jonesday.com

                              Respectfully submitted:

                              _Lawrence G. Cetrulo_
                              Lawrence G. Cetrulo (RI Bar No. 6466)
                              CETRULO LLP
                              Two Seaport Lane, 10th Floor
                              Boston, MA 02210
                              (617) 217-5500 (Telephone)
Dated:   April 2, 2020        (617) 217-5200 (Fax)
                              lcetrulo@cetllp.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of April, 2020, a true copy of the foregoing Notice of Bankruptcy Filing, Stay of Proceedings, and Entry of Preliminary Injunction of Defendant DBMP LLC, was filed through the ECF system and sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                              _Lawrence G. Cetrulo_
                              Lawrence G. Cetrulo

# Exhibit 1

| Fill in this information to identify the case: |
|---|

United States Bankruptcy Court for the:

Western _____ District of   North Carolina _____
                                              (State)

Case number (*If known*): _____   Chapter   11 ___

☐ Check if this is an
   amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| 1. | **Debtor's name** | DBMP LLC | |

| | | | |
|---|---|---|---|
| 2. | **All other names debtor used in the last 8 years** | DBMP LLC, a Texas limited liability company | |
| | Include any assumed names, trade names, and *doing business as* names | | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 8 4 – 3 4 5 8 8 1 7 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 20   Moores Road | _____ |
| Number   Street | Number   Street |
| | _____ |
| | P.O. Box |
| Malvern        PA    19355 | _____ |
| City        State    ZIP Code | City     State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Chester | _____ |
| County | Number   Street |
| | _____ |
| | North Carolina |
| | City     State    ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | https://dm.epiq11.com/DBMP |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding  LLP) |
| | | ☐ Other. Specify: _____ |

| Debtor | DBMP LLC | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>5</u>  <u>5</u>  <u>1</u>  <u>1</u>

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes. District _____ When _____ Case number _____
                              MM / DD / YYYY

        District _____ When _____ Case number _____
                              MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes. Debtor Sepco Corporation      Relationship Affiliate

        District Northern District of Ohio      When 01/14/2016
                                                  MM / DD / YYYY

        Case number, if known 16-50058

| Debtor | DBMP LLC | Case number *(if known)* |
|---|---|---|
| | Name | |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

| Number | Street |
|---|---|

_____

| City | State | ZIP Code |
|---|---|---|

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

| | **Statistical and administrative information** |
|---|---|

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☑ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☑ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

| Debtor | DBMP LLC | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

| 16. Estimated liabilities | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ■ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

■ I have been authorized to file this petition on behalf of the debtor.

■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  01/23/2020
MM  / DD / YYYY

✗ _Michael T. Starczewski_ (signature)      Michael T. Starczewski
Signature of authorized representative of debtor       Printed name

Title  Chief Legal Officer

**18. Signature of attorney**

✗ _/s/ Gregory M. Gordon_      Date  01/23/2020
Signature of attorney for debtor       MM  / DD / YYYY

Gregory M. Gordon
Printed name

Jones Dy
Firm name

2727      North Harwood Street, Suite 500
Number      Street

Dallas            TX      75201
City            State      ZIP Code

(214) 220-3939         gmgordon@jonesday.com
Contact phone         Email address

08435300         Texas
Bar number         State

# Exhibit 2

FILED & JUDGMENT ENTERED
Steven T. Salata

February 26 2020

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DBMP LLC[1] | : | Case No. 20-30080 (JCW) |
| | : | |
| Debtor. | : | |
| | : | |
| DBMP LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adv. Pro. No. 20-03004 (JCW) |
| | : | |
| THOSE PARTIES LISTED ON APPENDIX A TO COMPLAINT and JOHN AND JANE DOES 1-1000, | : | |
| | : | |
| Defendants. | : | |
| | : | |

---

[1]     The last four digits of the Debtor's taxpayer identification number are 8817.  The Debtor's address is 20 Moores Road, Malvern, Pennsylvania 19335.

## AGREED ORDER REGARDING DEBTOR'S REQUEST FOR
## EXTENSION OR APPLICATION OF THE AUTOMATIC STAY
## TO CERTAIN ACTIONS AGAINST NON-DEBTORS

This matter comes before the Court on the *Complaint for Injunctive and Declaratory Relief (I) Preliminarily Enjoining Certain Actions Against Non-Debtors, or (II) In the Alternative, Declaring That the Automatic Stay Applies to Such Actions and (III) Granting a Temporary Restraining Order Pending a Final Hearing on the Merits* [Adv. Docket No. 1] (the "Complaint") and the *Motion for an Order (I) Preliminarily Enjoining Certain Actions Against Non-Debtors or, (II) In the Alternative, Declaring That the Automatic Stay Applies to Such Actions and (III) Granting a Temporary Restraining Order Pending a Final Hearing on the Merits* [Adv. Docket No. 2] (the "Motion"),[2] both filed by the above-captioned debtor and debtor-in-possession (the "Debtor"). Having been advised by counsel for the Debtor and counsel for the official committee of asbestos personal injury claimants (the "Committee") that the parties have reached an agreement with respect to temporarily granting relief sought by the Debtor on the terms set forth herein while preparing for an evidentiary hearing on the Debtor's request for injunctive and/or declaratory relief in the Motion and the Complaint, the Court finds and concludes as follows:

      A.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

      B.     On January 29, 2020, the Court entered a temporary restraining order [Adv. Docket No. 21] (the "Initial TRO") prohibiting and enjoining the Defendants from continuing or commencing against any of the Protected Parties any action or claim asserting, on any theory (whether direct, derivative, joint and several, successor liability, vicarious liability,

---

[2]      Capitalized terms in this Order not otherwise defined herein have the meanings given to them in the Motion.

NAI-1511494834

fraudulent or voidable transfer or conveyance, alter ego or otherwise), any DBMP Asbestos

Claims through and including the conclusion of a hearing on February 13, 2020.  At the February

13, 2020 hearing, the Court orally granted an extension of the Initial TRO and thereafter issued

its *Order Extending Temporary Restraining Order* [Adv. Docket No. 44] (the "<u>TRO</u>") on

February 18, 2020, which extended the temporary restraining order though February 26, 2020.

A copy of the TRO is attached hereto as <u>Exhibit A</u> and incorporated by reference herein.

      C.     The Debtor and the Committee (together, the "<u>Parties</u>") have agreed to the

entry of a preliminary injunction prohibiting and enjoining the Defendants from continuing or

commencing against any of the Protected Parties any action or claim asserting, on any theory

(whether direct, derivative, joint and several, successor liability, vicarious liability, fraudulent or

voidable transfer or conveyance, alter ego or otherwise), any DBMP Asbestos Claims through

the conclusion of the Evidentiary Hearing (defined below).

      D.     The Committee's agreement to the Court extending injunctive relief to

the Protected Parties as set forth herein is not a waiver of the Committee's, or any other party's,

objections to such injunctive relief, nor is the Court's entry of this Order a determination of, or

relevant to, whether this injunctive relief should continue past the date set forth herein or any

further extended date.  No party may construe the Committee's consent to the entry of this Order

as an agreement that injunctive relief in favor of the Protected Parties is appropriate or that

the Debtor has established its burden with respect to the requested injunctive relief, or make any

arguments to that effect.  All objections to the relief requested in the Complaint and the Motion

are hereby specifically preserved until the Evidentiary Hearing.

      Based on the agreement of the Parties, as reflected by the signatures of their respective

counsel set forth below, IT IS HEREBY ORDERED THAT:

NAI-1511494834

1.      Subject to the terms of paragraph D above, all findings of fact and conclusions of law in (or incorporated into) the TRO are incorporated by reference herein.

2.      The Defendants are prohibited and enjoined from commencing or continuing to prosecute any DBMP Asbestos Claims against any of the Protected Parties on any theory, whether direct, derivative, joint and several, successor or vicarious liability, fraudulent or voidable transfer or conveyance, alter ego or otherwise, through and including the conclusion of the Evidentiary Hearing and the Court's issuance of a decision on the requested relief.  As to such DBMP Asbestos Claims filed or pending in other courts, this injunction includes, without limitation:  (a) the pursuit of discovery from the Protected Parties or their officers, directors, employees or agents; (b) the enforcement of any discovery order against the Protected Parties; (c) further motions practice related to the foregoing; and (d) any collection activity on account of a DBMP Asbestos Claim against any Protected Party or its officers, directors, employees or agents or its respective assets.

3.      The Court will hold an evidentiary hearing on the Debtor's request for injunctive and declaratory relief, as set forth in the Motion and the Complaint, on June 1, 2020 at 9:30 a.m., Eastern Time, and continuing (if necessary) on June 2, 2020 at 9:30 a.m., Eastern Time (the "Evidentiary Hearing").  The Debtor and the Committee will work in good faith to negotiate an agreed case management order to be submitted to the Court, which, among other things, shall set deadlines for objections and replies.

4.      This Order is entered without prejudice to the Debtor's right to request that this Court extend this Order to include other entities or persons not previously identified in Appendix A or Appendix B to the Complaint and the Motion.  This Order also is without prejudice to the rights of the Parties to agree to a further extension of the injunction.

NAI-1511494834

5.      Any party subject to this Order may seek relief from any of the provisions of this Order for cause shown.  This Order is without prejudice to the Debtor's or others' rights to seek relief pursuant to 11 U.S.C. § 362, after notice and the opportunity for a hearing, and for any Defendant or party in interest to oppose such relief.

6.      Notwithstanding anything to the contrary in this Order, any party may, without leave of the Court, take reasonable steps to perpetuate the testimony of any person subject to this Order who is not expected to survive the duration of this Order or who is otherwise expected to be unable to provide testimony if it is not perpetuated during the duration of this Order.  Unless the giving of notice is excused under applicable non-bankruptcy law, notice of the perpetuation of such testimony shall be provided to either counsel of record in the underlying lawsuit or the undersigned counsel for the Debtor. The Debtor shall have the right to object to the notice on any grounds it would have had if it were a party to the underlying proceeding and not subject to the terms of this preliminary injunction, and the Debtor may raise any such objection with this Court. The use of such testimony in any appropriate jurisdiction shall be subject to the applicable procedural and evidentiary rules of such jurisdiction. All parties reserve and do not waive any and all objections with respect to such testimony. Defendants or other individuals asserting DBMP Asbestos Claims may not seek to perpetuate the testimony of representatives, including directors, officers and employees, of the Debtor without the consent of the Debtor or an order of the Court.

7.      Pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, the Debtor is relieved from posting any security pursuant to Rule 65(c) of the Federal Rules of Civil Procedure.

8.      This Order shall be immediately effective and enforceable upon its entry.

5

9.      The Debtor shall cause a copy of this Order to be served via e-mail, facsimile, hand delivery or overnight carrier on counsel for the known Defendants and the Bankruptcy Administrator within three business days after entry of this Order.

10.     This Order shall be promptly filed in the Clerk of Court's office and entered into the record.

11.     The Court retains exclusive jurisdiction over this Order and the relief granted herein and any and all matters arising from or relating to the implementation, enforcement or interpretation of this Order.

AGREED AND CONSENTED TO BY:

NAI-1511494834

*/s/ Garland S. Cassada*
Garland S. Cassada (N.C. Bar No. 12352)
David M. Schilli (N.C. Bar No. 17989)
ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-2536
Facsimile: (704) 378-4000
E-mail: gcassada@robinsonbradshaw.com
        dschilli@robinsonbradshaw.com

-and-

Gregory M. Gordon (TX Bar No. 08435300)
Amanda Rush (TX Bar No. 24079422)
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
E-mail: gmgordon@jonesday.com
        asrush@jonesday.com
(Admitted *pro hac vice*)

-and-

Jeffrey B. Ellman (GA Bar No. 141828)
Danielle Barav-Johnson (GA Bar No. 751721)
JONES DAY
1420 Peachtree Street, N.E., Suite 800
Atlanta, Georgia 30309
Telephone: (404) 521-3939
Facsimile: (404) 581-8330
E-mail: jbellman@jonesday.com
        dbarav@jonesday.com
(Admitted *pro hac vice*)

*Counsel for the Plaintiff/Debtor and Debtor-In-Possession*

*/s/ Glenn C. Thompson*
Glenn C. Thompson (Bar No. 37221)
HAMILTON STEPHENS STEELE
        + MARTIN, PLLC
525 North Tryon Street, Suite 1400
Charlotte, North Carolina 28202
Telephone:  (704) 344-1117
Facsimile:  (704) 344-1483
Email:  gthompson@lawhssm.com

*Proposed Local Counsel for the Official Committee of Asbestos Personal Injury Claimants*

-and-

Kevin C. Maclay, Esq.
James P. Wehner, Esq.
Todd E. Phillips, Esq.
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, NW, Suite 1100
Washington, DC 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301
Email: kmaclay@capdale.com
        jwehner@capdale.com
        tphillips@capdale.com
(*Pro hac vice* to be filed)

-and-

Natalie D. Ramsey (DE Bar #3946)
Davis Lee Wright (DE Bar #4324)
ROBINSON & COLE, LLP
1201 North Market Street, Suite 1406
Wilmington, Delaware 19801
Telephone: (302) 516-1700
Facsimile: (302) 516-1699
E-mail: nramsey@rc.com
        dwright@rc.com
(Admitted *pro hac vice*)

*Proposed Co-Counsel to the Official Committee of Asbestos Personal Injury Claimants*

This Order has been signed electronically.  The Judge's
signature and Court's seal appear at the top of the
Order.

United States Bankruptcy Court

NAI-1511494834

**EXHIBIT A**

**(TRO)**



FILED & JUDGMENT ENTERED
Steven T. Salata

February 18 2020

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_J. Craig Whitley_
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DBMP LLC,[1] | : | Case No. 20-30080 (JCW) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |
|  | : |  |
| DBMP LLC, | : |  |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | Adv. Pro. No. 20-03004 (JCW) |
|  | : |  |
| THOSE PARTIES LISTED ON APPENDIX A TO COMPLAINT and JOHN AND JANE DOES 1-1000, | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

## ORDER EXTENDING TEMPORARY RESTRAINING ORDER

This matter coming before the Court on the *Complaint for Injunctive and*

*Declaratory Relief (I) Preliminarily Enjoining Certain Actions Against Non-Debtors or, (II) in*

---

[1]     The last four digits of the Debtor's taxpayer identification number are 8817.  The Debtor's address is 20 Moores Road, Malvern, Pennsylvania 19355.

*the Alternative, Declaring That the Automatic Stay Applies to Such Actions and (III) Granting a*
*Temporary Restraining Order Pending a Final Hearing on the Merits* [Adv. Proc. Docket No. 1]
(the "Complaint") and *Motion of the Debtor for an Order (I) Preliminarily Enjoining Certain*
*Actions Against Non-Debtors or, (II) in the Alternative, Declaring that the Automatic Stay*
*Applies to Such Actions and (III) Granting a Temporary Restraining Order Pending a Final*
*Hearing on the Merits* [Adv. Proc. Docket No. 2] (the "Motion"),[2] both filed by
the above-captioned plaintiff and debtor and debtor in possession ("DBMP" or the "Debtor");
the Court having heard the arguments of counsel and considered the evidence presented at
a hearing held on January 27, 2020 (the "Initial Hearing") to consider whether the requested
temporary restraining order should be granted; the Court having entered the *Temporary*
*Restraining Order* on January 29, 2020 [Adv. Proc. Docket No. 21] (the "Initial TRO"), a copy
of which is attached hereto as Exhibit A, which granted a temporary restraining order as
described therein through and including the conclusion of the Extension Hearing (as defined
below); the Court having heard the arguments of counsel and considered the evidence presented
at a hearing held on February 13, 2020 to consider an extension of the Initial TRO
(the "Extension Hearing"); and the Court having reviewed (a) the Complaint, (b) the Motion,
(c) the *Declaration of Michael T. Starczewski in Support of Debtor's Complaint for Injunctive*
*and Declaratory Relief and Related Motions* [Adv. Proc. Docket No. 3] (the "Starczewski
Declaration"), (d) the *Declaration of Robert J. Panaro in Support of First Day Pleadings*
[Docket No. 24] (the "First Day Declaration") filed in the Debtor's main chapter 11 case and
(e) the *Reply of the Debtor in Support of Temporary Restraining Order* [Adv. Proc. Docket
No. 33] (the "Reply") and the *Declaration of Michael T. Starczewski in Support of Reply of*

---

[2]     Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

the Debtor in Support of Temporary Restraining Order included therein (the "Reply Declaration"), together with any responses or answers to the Motion or the Complaint; the Court finds and concludes as follows:  the Court's findings and conclusions in the Initial TRO and on the record of the Extension Hearing, which are incorporated herein by reference, establish just cause for the relief granted herein.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Initial TRO is extended through and including February 26, 2020;

2. All objections to the extension of the Initial TRO are hereby overruled, whether filed or stated on the record, including (a) the *Objection of Cheryl L. Bergrud, Individually and as Personal Representative for the Estate of Peter L. Bergrud to the Entry of a Temporary Restraining Order as it Relates to its Case Against Distributor H.D. Fowler Co., Inc., or Alternatively, for Relief from the Temporary Restraining Order to Pursue H.D. Fowler Co., Inc.* [Adv. Proc. Docket No. 29] (the "Bergrud Objection"), (b) the *Objection of Calvin H. Evans, III to the Entry of a Temporary Restraining Order as it Relates to His Case Against Distributor H.D. Fowler Co., Inc., or Alternatively, for Relief from the Temporary Restraining Order to Pursue H.D. Fowler Co., Inc.* [Adv. Proc. Docket No. 30] (together with the Bergrud Objection, the "Fowler Objections") and (c) the *Objection of Certain Asbestos Victims to Motion of the Debtor for the Entry of a Temporary Restraining Order and Extension of the Existing Temporary Restraining Order Beyond the February 13, 2020 Hearing* [Adv. Proc. Docket No. 31].

3. The Court shall conduct a further hearing on the Motion and the Complaint on February 21, 2020, at 3:00 p.m. (prevailing Eastern Time) to consider entry of the requested preliminary injunction.

4.    This Order is entered without prejudice to the Debtor's right to request that this Court extend this Order to include other entities or persons not previously identified in Appendix A or Appendix B to the Complaint and the Motion.

5.    Any party subject to this Order may seek relief from any of the provisions of this Order for cause shown.  This Order is without prejudice to the Debtor's or others' rights to seek relief pursuant to section 362 of the Bankruptcy Code and for any Defendant or party in interest to oppose such relief.

6.    The findings in (or incorporated into) this Order are without prejudice to any party or Defendant's right to dispute such findings in connection with any hearings with respect to the entry of a preliminary injunction.

7.    Pursuant to Bankruptcy Rule 7065, the Debtor is relieved from posting any security under Civil Rule 65(c).

8.    For the avoidance of doubt in connection with the lawsuits identified in the Fowler Objections, this Order does not enjoin any claims asserted by the plaintiffs in those actions that arise out of alleged contact with or injury from products manufactured or sold by parties *other than* the former CertainTeed Corporation.

9.    This Order shall be immediately effective and enforceable upon its entry.

10.    The Debtor shall cause a copy of this Order to be served via e-mail, facsimile, hand delivery or overnight carrier on counsel for the known Defendants and the Bankruptcy Administrator within three business days of its entry on the Court's docket.

11.    This Order shall be promptly filed in the Clerk of Court's office and entered into the record.

12.     This Court retains exclusive jurisdiction over this Order and any and all

matters arising from or relating to the implementation, interpretation or enforcement of this

Order.

This Order has been signed electronically.          United States Bankruptcy Court
The judge's signature and Court's seal appear
at the top of the Order.

# **Exhibit A**

Initial TRO

FILED & JUDGMENT ENTERED
Steven T. Salata

January 29 2020

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DBMP LLC,[1] | : | Case No. 20-30080 (JCW) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |
| DBMP LLC, | : |  |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | Adv. Pro. No. 20-03004 (JCW) |
|  | : |  |
| THOSE PARTIES LISTED ON APPENDIX A TO COMPLAINT and JOHN AND JANE DOES 1-1000, | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

## <u>TEMPORARY RESTRAINING ORDER</u>

This matter coming before the Court on the *Complaint for Injunctive and*

*Declaratory Relief (I) Preliminarily Enjoining Certain Actions Against Non-Debtors or, (II) in*

---

[1]    The last four digits of the Debtor's taxpayer identification number are 8817.  The Debtor's address is
20 Moores Road, Malvern, Pennsylvania 19355.

the Alternative, Declaring That the Automatic Stay Applies to Such Actions and (III) Granting a Temporary Restraining Order Pending a Final Hearing on the Merits [Adv. Proc. Docket No. 1] (the "Complaint") and *Motion of the Debtor for an Order (I) Preliminarily Enjoining Certain Actions Against Non-Debtors or, (II) in the Alternative, Declaring that the Automatic Stay Applies to Such Actions and (III) Granting a Temporary Restraining Order Pending a Final Hearing on the Merits* [Adv. Proc. Docket No. 2] (the "Motion"),[2] both filed by the above-captioned plaintiff and debtor and debtor in possession ("DBMP" or the "Debtor"); the Court having reviewed (a) the Complaint, (b) the Motion, (c) the *Declaration of Michael T. Starczewski in Support of Debtor's Complaint for Injunctive and Declaratory Relief and Related Motions* [Adv. Proc. Docket No. 3] (the "Starczewski Declaration") and (d) the *Declaration of Robert J. Panaro in Support of First Day Pleadings* [Docket No. 24] (the "First Day Declaration") filed in the Debtor's main chapter 11 case, together with any responses or answers to the Motion or the Complaint; and having heard the arguments of counsel and considered the evidence presented at a hearing on January 27, 2020 (the "Hearing"), the Court finds and concludes as follows:

**Background, Jurisdiction and Venue**

A.     For purposes of this Order, the term "DBMP Asbestos Claims" shall mean, collectively, any asbestos-related claims against DBMP, including all claims that formerly were asserted against (or that could have been asserted against) the former CertainTeed Corporation ("Old CT") relating in any way to asbestos or asbestos-containing materials (but not including asbestos-related claims for which the exclusive remedy is provided under workers' compensation statutes and similar laws).  For the avoidance of doubt, DBMP Asbestos Claims

---

[2]     Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

include, without limitation, all asbestos personal injury claims and other asbestos-related claims

allocated to DBMP from Old CT in the documents implementing the 2019 Corporate

Restructuring — e.g., all asbestos personal injury claims and other asbestos-related claims

arising in whole or in any part from, or otherwise in any manner relating to, any conduct, action

or failure to act of Old CT.

B.     The Plaintiff in this adversary proceeding is Debtor DBMP LLC.

The Defendants in this adversary proceeding are those parties listed on Appendix A to the

Complaint and the Motion, as well as John and Jane Does 1-1000.  The Defendants listed on

Appendix A are all plaintiffs in lawsuits as of the Petition Date that sought to hold, or may seek

to hold, the Protected Parties liable for the DBMP Asbestos Claims.  The Protected Parties are

listed in Appendix B hereto.  Defendants John and Jane Does 1-1000 are prospective plaintiffs

who may at any time while the above-captioned chapter 11 case is pending seek to hold the

Protected Parties liable for the DBMP Asbestos Claims.

C.     The Debtor seeks, pursuant to Rule 65(b) of the Federal Rules of Civil

Procedure (the "Civil Rules") and Rule 7065 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), a temporary restraining order prohibiting the Defendants from

continuing or commencing against any of the Protected Parties any action or claim asserting, on

any theory of liability (whether direct, derivative, joint and several, successor liability, vicarious

liability, fraudulent or voidable transfer or conveyance, alter ego, or otherwise), any DBMP

Asbestos Claims.

D.     The Court has subject matter jurisdiction over this matter pursuant to

28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue

for this matter is proper in this District pursuant to 28 U.S.C. § 1409.

## Request for Temporary Restraining Order

E.      A denial of the Debtor's request for a temporary restraining order pending

a final hearing on the Debtor's request for injunctive and/or declaratory relief would cause

the very harm that the Debtor seeks to prevent by the Motion and the Complaint.  Without

immediate injunctive relief, it is expected that:  (1) many Defendants who already have asserted

DBMP Asbestos Claims against the Protected Parties will attempt to continue prosecuting such

claims against the Protected Parties outside of the Debtor's chapter 11 case (the "Chapter 11

Case"); (2) many Defendants who have sued only the Debtor, and not any of the Protected

Parties, will seek to amend their complaints to name one or more of the Protected Parties and

prosecute DBMP Asbestos Claims against those Protected Parties outside of the Chapter 11

Case; (3) many Defendants who have pending motions to amend their complaints to add certain

of the Protected Parties will continue to pursue those amendments in an effort to proceed with

litigation against the Protected Parties outside of the Chapter 11 Case; and (4) Defendants John

and Jane Does 1-1000 will file DBMP Asbestos Claims against the Protected Parties but not

the Debtor.  Accordingly, the Debtor has demonstrated that it will suffer "immediate and

irreparable injury, loss, or damage" in the absence of immediate relief before any adverse party

can be heard in opposition.  Fed. R. Civ. P. 65(b).

F.      Over the last three months, the Debtor's non-debtor affiliate,

CertainTeed LLC ("New CT") and/or other Protected Parties have been named in or added

(or sought to be added) as defendants in approximately 74 DBMP Asbestos Claims.  On a daily

basis, depositions are occurring, court appearances are scheduled and answers are coming due in

cases asserting DBMP Asbestos Claims.  If DBMP Asbestos Claims against the Protected Parties

are permitted to proceed pending a final hearing on the Debtor's request for injunctive or

declaratory relief, the Debtor will be compelled to actively monitor, participate in and defend currently pending and additional threatened DBMP Asbestos Claims against the Protected Parties, notwithstanding the automatic stay, to guard against, among other things, potential indemnity claims, evidentiary prejudice and the risks of collateral estoppel and *res judicata*. In doing so, key personnel will be diverted from assisting the Debtor in achieving its reorganization goals.

G.      Regardless of its diligence, the Debtor cannot realistically provide effective notice to the many named plaintiffs that have commenced or may commence DBMP Asbestos Claims against the Protected Parties in the short period of time in which this Court's action is needed.  Moreover, notice itself is likely to precipitate the assertion of additional DBMP Asbestos Claims against the Protected Parties.  This temporary restraining order is requested, and, the Court finds is required, to prevent that result.

H.      Further, service on John and Jane Does 1-1000 is impossible because these individuals are putative plaintiffs for future asbestos actions against the Protected Parties and are unknown at this time.

I.      Accordingly, this Court finds it appropriate to enter a temporary restraining order with limited notice to the Defendants pursuant to Civil Rule 65(b)(l) and Bankruptcy Rule 7065.

J.      To allow more parties in interest, including an appointed Asbestos Committee, to participate in the hearing on the requested relief and to conserve time and resources, this Court finds good cause for an extension and will enter a temporary restraining order as described herein and set a hearing on the Motion and the Complaint to determine if the temporary restraining order should be extended further, as permitted by Civil Rule 65, or if

other relief is appropriate, including the entry of a preliminary injunction for a limited period of time.

        K.      The legal and factual bases set forth in the Motion, the Complaint, the Starczewski Declaration, the First Day Declaration and at the Hearing establish just cause for the relief granted herein.

**Based on these findings and conclusions, IT IS HEREBY ORDERED THAT:**

        1.      The Motion is GRANTED with respect to its request for a temporary restraining order, as provided herein.

        2.      The Defendants are prohibited and enjoined from commencing or continuing to prosecute any DBMP Asbestos Claims against any of the Protected Parties on any theory of liability, whether direct, derivative, joint and several, successor liability, vicarious liability, fraudulent or voidable transfer or conveyance, alter ego or otherwise, through and including the conclusion of the February 13 Hearing (as defined below), unless extended further by the Court.  This temporary restraining order includes, without limitation:  (a) the pursuit of discovery from the Protected Parties or their officers, directors, employees or agents; (b) the enforcement of any discovery order against the Protected Parties; (c) further motions practice related to the foregoing; and (d) any collection activity on account of a DBMP Asbestos Claim against any Protected Party or its officers, directors, employees or agents or its respective assets.

        3.      Absent a further agreed upon extension, the Court shall conduct a further hearing on the Motion and the Complaint on February 13, 2020, at 9:30 a.m. (prevailing Eastern Time) (the "February 13 Hearing"), to determine if the temporary restraining order should be

extended further, as permitted by Civil Rule 65, or if other relief is appropriate, including the entry of a preliminary injunction for a limited period of time.

4.      This Order is entered without prejudice to the Debtor's right to request that this Court extend this Order to include other entities or persons not previously identified in Appendix A or Appendix B to the Complaint and the Motion.

5.      Any party subject to this Order may seek relief from any of the provisions of this Order for cause shown.  This Order is without prejudice to the Debtor's or others' rights to seek relief pursuant to section 362 of the Bankruptcy Code and for any Defendant or party in interest to oppose such relief.

6.      The findings in this Order are without prejudice to any party or Defendant's right to dispute such findings in connection with any further hearing on the temporary restraining order or a hearing with respect to the entry of a preliminary injunction.

7.      Pursuant to Bankruptcy Rule 7065, the Debtor is relieved from posting any security under Civil Rule 65(c).

8.      This Order shall be immediately effective and enforceable upon its entry.

9.      The Debtor shall cause a copy of this Order to be served via e-mail, facsimile, hand delivery or overnight carrier on counsel for the known Defendants and the Bankruptcy Administrator within three business days of its entry on the Court's docket.

10.     This Order shall be promptly filed in the Clerk of Court's office and entered into the record.  This Order shall remain effective for the period through and including the conclusion of the February 13 Hearing.

11.    This Court retains exclusive jurisdiction over this Order and any and all

matters arising from or relating to the implementation, interpretation or enforcement of this

Order.

This Order has been signed electronically.        United States Bankruptcy Court
The judge's signature and Court's seal appear
at the top of the Order.

## Appendix A

List of Defendants and Their Counsel

<u>See</u> *Complaint for Injunctive and Declaratory Relief (I) Preliminarily Enjoining Certain Actions Against Non-Debtors or, (II) in the Alternative, Declaring That the Automatic Stay Applies to Such Actions and (III) Granting a Temporary Restraining Order Pending a Final Hearing on the Merits*, Appendix A [Adv. Proc. Docket No. 1]

-or-

*Motion of the Debtor for an Order (I) Preliminarily Enjoining Certain Actions Against Non Debtors or, (II) in the Alternative, Declaring that the Automatic Stay Applies to Such Actions and (III) Granting a Temporary Restraining Order Pending a Final Hearing on the Merits*, Appendix A [Adv. Proc. Docket No. 2]

**Appendix B**

**List of Protected Parties**

**Non-Debtor Affiliates**

Bayside Port Corporation, Inc.
Bird Incorporated
Carborundum Ceramic Holdings, Inc.
Carborundum Ventures, Inc.
CertainTeed Canada, Inc.
CertainTeed Ceilings Corporation
The Former CertainTeed Corporation (a/k/a CertainTeed LLC)
CertainTeed Gypsum and Ceiling Mfg., Inc.
CertainTeed Gypsum Mfg., Inc.
CertainTeed Gypsum NC, Inc.
CertainTeed Gypsum West Virginia, Inc.
CertainTeed Gypsum, Inc.
CertainTeed Holding Corporation
CertainTeed LLC
CertainTeed Gypsum and Ceilings USA, Inc.
Compagnie de Saint-Gobain
CT Solar Fund I LLC
CTKC Corporation
Fluorocarbon Components, Inc.
Grindwell Norton Ltd.
GS II, Inc.
HCS Corporation
Level Solar Fund IV LLC
MAG-ISOVER K.K.
New West Gypsum Recycling, Inc.
Norton Foreign Affiliates Holding Corporation
OFI GP Inc.
OFI L.P.
Ottawa Fibre GP Inc
Ottawa Fibre L.P.
P.T. Saint-Gobain Abrasives Indonesia
Phoenix Coating Resources, Inc.
Redcliff Fibre L.P.
Sage Electrochromics, Inc.
Saint-Gobain (SEA) PTE, Ltd
Saint-Gobain Abrasives, Inc.
Saint-Gobain Abrasives, Ltd.
Saint-Gobain Abrasivos S.A. de C.V.
Saint-Gobain Adfors America, Inc.
Saint-Gobain Advanced Ceramics, LLC
Saint-Gobain Building Distribution Ltd.
Saint-Gobain Canada, Inc.

Saint-Gobain Ceramic Materials Pvt. Ltd.
Saint-Gobain Ceramics & Plastics, Inc.
Saint-Gobain Corporation
Saint-Gobain Corporation Foundation
Saint-Gobain Delaware Corporation
Saint-Gobain Finance Corporation
Saint-Gobain Glass Corporation
Saint-Gobain HyComp LLC
Saint-Gobain India Foundation
Saint-Gobain India Pvt. Ltd.
Saint-Gobain Insurance Ltd.
Saint-Gobain Interior Building Distribution Company
Saint-Gobain KK
Saint-Gobain Materiaux de Construction S.A.S.
Saint-Gobain Merit, S.De R.L. De C.V.
Saint-Gobain Performance Plastics (Hangzhou) Co., Ltd.
Saint-Gobain Performance Plastics Corporation
Saint-Gobain Receivables Corporation
Saint-Gobain Research India Pvt. Ltd.
Saint-Gobain Shared Services Corporation
Saint-Gobain Solar Gard Australia Pty. Ltd.
Saint-Gobain Solar Gard, LLC
Saint-Gobain TM KK
Sepco Corporation
Societe de Participations Financieres et Industrielles
The Grid Company GP, Inc.
The Grid Company Limited Partnership
The Grid Company, LLC
Tillsonburg Fibre L.P.
Vertec SAS
Vetrotech Saint-Gobain North America, Inc.
VIB L.P.
Western Mining and Minerals, Inc.
Zenpure Americas, Inc.
Zenpure Corporation
Z-Tech, LLC

**Distributors**

A&P Water & Sewer Supplies and Its Successors United States Distribution Group, Inc.; United
        States Filter Corporation; WaterPro Supplies Corporation
Brent Material Company
Florence Building Materials
Goodman Lumber Company
H.D. Fowler Co. Inc.
Inland Water Works Supply Company

Kennedy Culvert & Supply Company, Inc.

Northern Water Works Supply, Inc., n/k/a Ferguson Enterprises, Inc., d/b/a Northern Water
          Works Supply

Western Waterworks Supply Co.